IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CONSTRUCTION INDUSTRY ) | |
| LABORERS PENSION FUND, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 04-4236-CV-C-NKL |
| ) | |
| TOMPKINS PAVING, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court is Plaintiffs' Motion for Summary Judgment [Doc. # 61]. For the reasons set forth below, the Motion is granted.

**I.     Background**

The facts of this case are not in dispute. Defendant Tompkins Paving, Inc. ("Tompkins") performs asphalt paving and seal coat work in Leavenworth County, Kansas; Miami County, Kansas; Wyandotte County, Kansas; Johnson County, Kansas; Platte County, Missouri; Clay County, Missouri; Cass County, Missouri; and Jackson County, Missouri. On September 26, 2003, Tompkins agreed to be bound by the terms and conditions of the collective bargaining agreement ("CBA") then and still in effect between the Heavy Constructors Association of the Greater Kansas City Area and the Western Missouri and Kansas Laborers District Council of the Laborers International

1

Union of North America, AFL-CIO. Under the terms of the CBA, Tompkins was required to make contributions of various sums per hour for each employee covered by the CBA to Plaintiffs Construction Industry Laborers Pension Fund, Construction Industry Laborers Welfare Fund, Construction Industry Laborers Training Fund, and Construction Industry Laborers Vacation Fund ("the Funds"). Although Tompkins has never terminated the CBA, it has failed to make the required contributions for its covered workers since December 31, 2003.

## II. Discussion

Tompkins does not dispute the amount of back payments, liquidated damages, interest, attorney's fees, or costs it owes under the CBA. Accordingly, it is hereby

ORDERED that the Funds Motion for Summary Judgment [Doc. # 61] is GRANTED. It is further

ORDERED that the Court finds in favor of Plaintiff Pension Fund and against Defendant for unpaid contributions in the amount of $46,308.33; for liquidated damages in the amount of $9,261.67; for interest in the amount of $3,317.24; for audit costs in the amount of $2,646.00; and for reasonable attorney's fees and costs in the amount of $10,171.92; for a total of $71,705.16. It is further

ORDERED that the Court finds in favor of Plaintiff Welfare Fund and against Defendant for unpaid contributions in the amount of $67,216.78; for liquidated damages in the amount of $13,443.36; for interest in the amount of $4,787.08; for audit costs in the

amount of $2,268.00; and for reasonable attorney's fees and costs in the amount of $8,718.79; for a total of $96,434.01. It is further

ORDERED that the Court finds in favor of Plaintiff Vacation Fund and against Defendant for unpaid contributions in the amount of $21,475.63; for liquidated damages in the amount of $4,295.13; for interest in the amount of $1,550.35; for audit costs in the amount of $2,268.00; and for reasonable attorney's fees and costs in the amount of $8,718.79; for a total of $38,307.90. It is further

ORDERED that the Court finds in favor of Plaintiff Training Fund and against Defendant for unpaid contributions in the amount of $6,696.57; for liquidated damages in the amount of $1,339.31; for interest in the amount of $483.33; for audit costs in the amount of $378.00; and for reasonable attorney's fees and costs in the amount of $1,453.15; for a total of $10,350.36. It is further

ORDERED that the total obligation owed by Tompkins Paving to the Plaintiff Funds is $216,797.43.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: June 14, 2006
Jefferson City, Missouri